MARION BASCUM MERRITT, FRANCES M. SMITH, HENRY C. MERRITT, ELEANOR M. JORDAN AND HENRY C. MERRITT IN HIS CAPACITY AS GUARDIAN FOR WILLIAM P. MERRITT v. EDWARDS RIDGE, A GENERAL PARTNERSHIP, JOHN W. COFFEY, PHILIP E. WALKER AND PAMELA A. McCULLOUGH, INDIVIDUALLY AND AS PARTNERS

No. 12PA88

(Filed 6 October 1988)

1. **Mortgages and Deeds of Trust § 32.1— purchase money deed of trust—anti-deficiency statute—recovery of foreclosure expenses and attorneys' fees prohibited**

    The anti-deficiency statute, N.C.G.S. § 45-21.38, bars the holder of a purchase money promissory note given by a buyer of real property to the seller and secured by a purchase money deed of trust embracing the property from recovering the expenses of foreclosure and related attorneys' fees even though the buyer expressly agrees in the purchase money notes and the deed of trust to pay these expenses.

2. **Mortgages and Deeds of Trust § 32.1— default by purchase money debtor—creditor limited to property conveyed**

    When a purchase money debtor defaults, the purchase money creditor is limited strictly to the property conveyed in all cases in which the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.

3. **Mortgages and Deeds of Trust § 32.1; Attorneys at Law § 7.4— anti-deficiency statute—no waiver of protection by attorneys' fees provision in note**

A purchase money debtor cannot waive the protection of the anti-deficiency statute; therefore, agreements by the debtors in a purchase money note concerning attorneys' fees could not amount to a waiver of the requirement that purchase money creditors be strictly limited to the property conveyed.

4. **Mortgages and Deeds of Trust § 32.1; Attorneys at Law § 7.4— foreclosure of purchase money deed of trust—attorneys' fees not permitted by statute**

N.C.G.S. § 6-21.2 does not permit a purchase money creditor to recover from the purchase money debtor attorneys' fees incurred in connection with foreclosure of the purchase money deed of trust since the anti-deficiency statute deals with this particular situation in detail and controls over N.C.G.S. § 6-21.2, which deals with this situation only in general and comprehensive terms.

Justice WHICHARD dissenting.

ON discretionary review of the decision of the Court of Appeals, 88 N.C. App. 132, 362 S.E. 2d 610 (1988), affirming an order granting summary judgment in favor of the plaintiffs entered by *Hobgood (Robert H.), J.,* on 2 March 1987 in Superior Court, ORANGE County. Heard in the Supreme Court on 12 September 1988.

*Bayliss, Hudson & Merritt, by Ronald W. Merritt, for the plaintiff appellees.*

*Northern, Blue, Little, Rooks, Thibaut & Anderson, by J. William Blue, Jr., for the defendant appellants.*

MITCHELL, Justice.

[1] The controlling issue in this case is whether the anti-deficiency statute, N.C.G.S. § 45-21.38[1], bars the holder of a purchase

---

1. N.C.G.S. § 45-21.38 states:

In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for

money promissory note given by a buyer of real property to the seller and secured by a purchase money deed of trust embracing the property from recovering the costs of foreclosure of the deed of trust and sale of the property and related attorneys' fees. We conclude that the statute precludes such recovery. Accordingly, we reverse the decision of the Court of Appeals.

The facts are largely undisputed in this case. The record reveals that, on 26 January 1982, the plaintiff-appellees sold an 80.55-acre tract of land in Chatham County to the defendant-appellants. The plaintiffs accepted two purchase money promissory notes, for the total sum of $200,000.00, secured by a purchase money deed of trust on the property. Each of the notes provided that upon default the maker would pay the holder fifteen percent of the outstanding balance for reasonable attorneys' fees and pay all other reasonable expenses incurred by the holder in the exercise of any of the holder's rights and remedies upon default. These provisions were expressly incorporated by reference into the deed of trust.

After making several payments, the defendants defaulted. The plaintiffs caused the trustee to initiate foreclosure proceedings. On 14 July 1986, the trustee conducted a foreclosure sale. He subsequently filed a Report of Sale indicating that a bid on the property was made on behalf of the plaintiffs in the amount of $115,143.30. All expenses of the sale and *ad valorem* taxes were paid. The trustee filed a Final Report and Account of Foreclosure Sale, indicating total expenses of $6,301.67 attendant to the sale. This amount included the trustee's commission of $5,757.17.

The plaintiffs thereafter initiated this civil action on 6 October 1986 seeking recovery of $24,297.55 from the defendants. The plaintiffs' claims under the provisions of the purchase money notes included $7,202.69 for taxes on the property and the expenses of the foreclosure sale and $17,094.36 for attorneys' fees.

real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

After a hearing, the trial court entered an order granting summary judgment for the plaintiffs in the amount sought. The Court of Appeals affirmed the order of the trial court. On 6 April 1988, we allowed the defendants' petition for discretionary review.

The defendants contend that the trial court erred in awarding the plaintiffs attorneys' fees and expenses arising out of the default on the purchase money notes and foreclosure of the purchase money deed of trust and argue that such claims are barred by the provisions of N.C.G.S. § 45-21.38. The defendants rely chiefly on *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1980).[2]

In contrast, the plaintiffs argue that the trial court properly awarded them summary judgment for attorneys' fees and expenses incurred as a result of foreclosure, because the defendants expressly agreed in the purchase money notes and the deed of trust to pay these expenses. The plaintiffs contend that since these expenses are not part of the unpaid balance of the purchase price secured by the purchase money deed of trust, their claims are not barred by the anti-deficiency statute.

To support their position, the plaintiffs point to *Reavis v. Ecological Development, Inc.*, 53 N.C. App. 496, 281 S.E. 2d 78 (1981). In *Reavis*, as in this case, the purchase money creditor brought suit, after foreclosure, to recover attorneys' fees and expenses as expressly provided for in a promissory note. The Court of Appeals concluded that the anti-deficiency statute was intended merely to protect purchasers of real property from losing the property in times of economic distress and, thereafter, "having to pay for the property's depreciated value." *Id.* at 498, 281 S.E. 2d at 79. Therefore, the Court of Appeals concluded that the intent of the legislature was to limit the purchase money creditor to recovery of the property conveyed, but that the limitation applied only to the extent that the purchase money creditor was seeking to recover the outstanding balance of the purchase price. *Id.* As the attorneys' fees and expenses associated with foreclosure did not represent a part of the unpaid balance of the purchase price for the property, the Court of Appeals held in *Reavis* that the

---

2. Referred to as *Ross* and cited as *Ross Realty Co. v. First Citizens Bank & Trust Co.* in the opinion of the Court of Appeals.

purchase money creditor could recover them in a separate suit instituted after foreclosure. The Court of Appeals reasoned that this would not amount to holding the purchase money debtor

> liable for a decline in the property value representing a deficiency; rather . . . [the debtor], as the party in default, is paying the agreed upon costs of plaintiffs in recovering the depreciated property. The defendant agreed to this arrangement, and should not now be permitted to escape liability. Our Anti-Deficiency Judgment statute does not control recovery in this case.

*Id.* at 499, 281 S.E. 2d at 80. Therefore, the plaintiffs in *Reavis* were allowed to recover foreclosure expenses and attorneys' fees.

In the instant case, the Court of Appeals relied upon *Reavis* and affirmed summary judgment for the plaintiffs. We reverse.

Here, as in *Barnaby v. Boardman*—a case decided after the decision of the Court of Appeals in *Reavis*—we conclude that:

> the interpretation of the statute advanced by the defendants and accepted by the Court of Appeals [is] too mechanically literal and restrictive. In *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979), we pointed out that the intent of the 1933 General Assembly in enacting the [anti-deficiency] statute was "to protect vendees from oppression by vendors and mortgagors from oppression by mortgagees." 296 N.C. at 371, 250 S.E. 2d 274.

*Barnaby v. Boardman*, 313 N.C. 565, 568, 330 S.E. 2d 600, 602 (1985). We have also pointed out that:

> "[T]he legislature was concerned about the situation in which the vendor finances the sale, and was particularly concerned for the protection of the purchaser in that situation . . . . [L]egislatures do not always see the whole problem, and are not always astute to close all the loopholes . . . . [T]he policy was one of protecting the purchaser where the vendor did the financing; the North Carolina legislature simply did not do an efficient job of ensuring the effectiveness of the policy."

*Realty Co. v. Trust Co.*, 296 N.C. at 371, 250 S.E. 2d at 274 (quoting Currie and Lieberman, *Purchase-Money Mortgages and*

*State Lines: A Study in Conflict-of-Laws Method,* 1960 Duke Law Journal 1, 11-12).

We conclude that the decision of the Court of Appeals in the present case fails to give proper weight to the intent of the General Assembly as construed by this Court in *Realty Co.* and, more recently, in *Barnaby.* It is true that in each of those cases we dealt with situations in which the plaintiffs were attempting to sue on the note to recover the unpaid balance of the purchase price. It is equally true, as the Court of Appeals noted, that the plaintiffs in the present case seek recovery of attorneys' fees and expenses associated with the foreclosure of the deed of trust and that those fees and expenses are not a part of the unpaid balance of the purchase price. Contrary to the view of the Court of Appeals, however, we conclude that this distinction did not justify summary judgment for the plaintiffs in the present case.

[2] As we stated in *Realty Co.* and reemphasized in *Barnaby,* our anti-deficiency statute was *inartfully* drawn by a legislature acting against a background of severe economic stress and wholesale foreclosures, but

> the manifest intention of the Legislature was to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.

*Realty Co. v. Trust Co.,* 296 N.C. at 370, 250 S.E. 2d at 273, *quoted with approval in Barnaby v. Boardman,* 313 N.C. at 569, 330 S.E. 2d at 602. We did not restrict this construction of the statute to cases in which the purchase money creditor was suing on the note or was seeking only to recover the unpaid balance of the purchase price. Given our prior construction of our anti-deficiency statute in *Realty Co.,* and more recently in *Barnaby,* we now hold that when the purchase money debtor defaults, the purchase money creditor is limited strictly to the property conveyed in all cases in which the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.

As a general rule, proceeds of a foreclosure sale are, constructively at least, real property and stand in place of the land.

*See In Re Castillian Apts., Inc.*, 281 N.C. 709, 190 S.E. 2d 161 (1972). As the purchase money creditor is strictly limited to the property conveyed in cases such as this, he is limited upon foreclosure and sale to the proceeds which stand in place of the land. Before the purchase money creditor is entitled to receive any of such proceeds, however, N.C.G.S. § 45-21.31(a) requires that the trustee apply the proceeds of the foreclosure sale to the payment of the costs and expenses of the sale, including the trustee's commission, and then to satisfy other obligations as provided by statute. N.C.G.S. § 45-21.31(a) (1984). Only after such payments have been made may the trustee use any remaining proceeds of the foreclosure sale to satisfy the obligation secured by the deed of trust. *Id.* Payment of the costs and expenses required by N.C.G.S. § 45-21.31(a) is not the obligation of the purchase money debtor whose deed of trust is being foreclosed. Nor is it, strictly speaking, the obligation of the buyer at the foreclosure sale. Instead, these statutory costs and expenses, including the trustee's commission, are simply obligations arising from the foreclosure sale which must be paid by the trustee before the remainder of the proceeds may be distributed. *Id.* As the plaintiffs' *entire* right to recovery as purchase money creditors is limited to the property they conveyed to the defendants, they are entitled in the present case to recover only the balance of the proceeds of the foreclosure sale remaining after the trustee paid all costs, expenses and other obligations as required by N.C.G.S. § 45-21.31.

[3] The plaintiffs next argue that they are entitled to attorneys' fees because the defendants contracted in the purchase money note to pay such fees. The decision of the Court of Appeals in *Reavis* supports the plaintiffs' argument. After the decision in *Reavis*, however, this Court rendered its decision in *Barnaby*, where we said that the purchase money debtor cannot waive the protection of the anti-deficiency statute. *Barnaby v. Boardman*, 313 N.C. at 568, 330 S.E. 2d at 602. Consequently, the defendants' agreements in the note concerning attorneys' fees could not amount to a waiver of the requirement that purchase money creditors be strictly limited to the property conveyed.

[4] We also reject the plaintiffs' argument that recovery of their attorneys' fees is specifically authorized by N.C.G.S. § 6-21.2. That statute provides in pertinent part that:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectable as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity . . . .

N.C.G.S. § 6-21.2 (1986). The plaintiffs argue that the express terms of this statute control and, therefore, the anti-deficiency statute, N.C.G.S. § 45-21.38, does not prevent their recovering their attorneys' fees incurred in connection with the foreclosure of the purchase money deed of trust in the present case. We do not agree.

N.C.G.S. § 6-21.2 deals in general and comprehensive terms with the propriety of attorneys' fees arising from the collection of indebtedness. The anti-deficiency statute, on the other hand, deals in detail with a particular situation such as that presented in the present case in which a seller of real property has accepted a purchase money note secured by a purchase money deed of trust from his buyer and, therefore, recovery is sought upon default. Where, as here, one statute deals with a particular situation in detail, while another statute deals with it in general and comprehensive terms, the particular statute will be construed as controlling absent a clear legislative intent to the contrary. *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 151 S.E. 2d 582 (1966). No such clear legislative intent to the contrary appearing, we conclude that the anti-deficiency statute controls here, as its terms deal with the particular situation presented in which the notes and deed of trust were executed to the seller of the real estate by the buyer and the securing instruments state they are for the purpose of securing the balance of the purchase price. Therefore, any recovery by the plaintiffs in the present case must be strictly limited to the property conveyed, and they are not entitled to recover attorneys' fees.

For the foregoing reasons, the trial court erred in granting summary judgment for the plaintiffs and, instead, should have granted summary judgment for the defendants. The decision of the Court of Appeals is reversed. This action is remanded to the Court of Appeals for further remand to the Superior Court, Or-

ange County, with instructions to vacate the summary judgment for the plaintiffs and enter summary judgment for the defendants.

Reversed and remanded.

Justice WHICHARD dissenting.

By a pure judicial gloss on the anti-deficiency judgment statute, N.C.G.S. § 45-21.38 (1984), the majority today deprives the plaintiffs of the benefits of a bargain, fairly and properly entered, which violates no established public policy. Neither the express terms of the statute nor its underlying policy requires this result.

As a member of the Court of Appeals, I concurred in the opinion in *Reavis v. Ecological Development, Inc.*, 53 N.C. App. 496, 281 S.E. 2d 78 (1981), which the majority today overrules. In *Reavis*, a unanimous panel resolved, in favor of the plaintiffs, the identical issue presented here, reasoning as follows:

> A deficiency under G.S. 45-21.38 refers to an indebtedness which represents the balance of the original purchase price for the real estate not recovered through foreclosure. The attorneys' fees and expenses . . . do not represent the unrecovered "balance of purchase money for [the] real estate," G.S. 45-21.38; the fees represent the costs of foreclosing on the property. Moreover, defendant[s] . . . negotiated with plaintiffs for the purchase of the land and *agreed* to the provisions in the promissory note providing for the payment of attorneys' fees and expenses upon default. The defendant[s] [are] not being held liable for a decline in the property value representing[a] a deficiency; rather, defendant[s], as the part[ies] in default, [are] paying the agreed upon costs of plaintiffs in recovering the depreciated property. The defendant[s] agreed to this arrangement, and should not now be permitted to escape liability.

*Id.* at 499, 281 S.E. 2d at 80.

I continue to adhere to the result and reasoning in *Reavis*. I therefore respectfully dissent.