John B. WHITLEY, as Trustee or Substitute Trustee in certain deeds of trust and foreclosure proceedings, Plaintiff,

v.

George T. GRIFFIN, Clerk of Superior Court of Cumberland County, North Carolina, State of North Carolina, a State of the United States of America, Edward J. Derwinski, Secretary of Veterans Affairs, an officer of the United States of America, Department of Veterans Affairs, an agency of the United States of America, Jack Kemp, Secretary of Housing and Urban Development, an officer of the United States of America, Department of Housing and Urban Development, an agency of the United States of America and the United States of America, Defendants.

No. 89–58–CIV–3.

United States District Court,
E.D. North Carolina,
Fayetteville Division.

April 13, 1990.

John B. Whitley, Whitley & Spach, Charlotte, N.C., pro se.

Henry T. Rosser, N.C. Dept. of Justice, Special Deputy Atty. Gen., Raleigh, N.C., for defendants.

Paul M. Newby, Asst. U.S. Atty., for Edward Derwinski, et al.

## ORDER

BRITT, Chief Judge.

Plaintiff John B. Whitley brought this declaratory judgment action in his capacity as trustee or substitute trustee (trustee) under various deeds of trust given on real property in Cumberland County, North Carolina. The complaint names two state defendants, the Clerk of Superior Court of Cumberland County and the State of North Carolina, and various federal defendants, the Department of Housing and Urban Development (HUD), its Secretary, the Department of Veterans Affairs (VA), its Secretary, and the United States of America.

Plaintiff instituted this action in Superior Court of Cumberland County, and the federal defendants removed the case to this court.

By his complaint, plaintiff seeks a declaratory judgment that the foreclosure tax imposed by N.C. Gen.Stat. § 7A–308(a)(1) is not collectible or payable when the ultimate purchaser of real property foreclosed and sold pursuant to a power of sale is an officer or agency of the United States. The federal defendants have moved for summary judgment contending the foreclosure tax is not collectible under these circumstances. The state defendants have moved for summary judgment contending the foreclosure tax is collectible. Following the hearing, the court has reviewed the materials before it and determines the state defendants' motion for summary judgment should be allowed and the federal defendants' motion should be denied.

### I.

### A.

In their brief, the HUD defendants have explained certain facts and procedures relative to the HUD loan program which evidence their contention that HUD exercises substantial control over the foreclosure sales. The National Housing Act, 12 U.S.C. § 1701 *et seq.*, authorizes the Secretary of HUD to administer a federal mortgage insurance program which allows Americans who might otherwise be ineligible to obtain financing for their homes. The federal mortgage insurance program implements this goal of providing housing by providing incentive to private lenders to finance residential housing. HUD protects the lender against loss; if the lender must foreclose upon the property, HUD pays the lender the loan's unpaid principal as well as two-thirds of the lender's foreclosure costs and expenses.

Participation in the federal mortgage insurance program is restricted to lenders and borrowers who satisfy certain statutory and regulatory requirements. Generally, lenders must demonstrate financial soundness and agree to submit to HUD financial audits upon request. The lender

must also agree to follow certain HUD regulations when issuing and servicing HUD-insured mortgages.

HUD regulates both the terms of the loan transaction and the manner by which lenders service the loan. The lender must use the HUD-prescribed note and deed of trust. The deed of trust contains a power of sale provision authorizing the appointed trustee to foreclose on the property at public auction upon the borrower's default. Upon the borrower's default, the lender must commence foreclosure proceedings within one year from the date of default provided the borrower is at least three months delinquent in its monthly payments.

When the lender begins foreclosure proceedings, it must notify HUD. HUD has the property appraised and determines the Commissioner's Adjusted Fair Market Value (CAFMV) of the property. HUD then determines whether this amount should be the bid price at the foreclosure sale and provides the lender with this price prior to the sale. To be entitled to payment of its mortgage insurance claim, the lender must bid this value at the foreclosure sale.

The lender is authorized to arrange for the deed to the property to be made directly to HUD. The lender complies with this regulation by assigning to HUD its bid at the foreclosure sale.

### B.

The VA defendants have also summarized in their brief the framework for the VA loan program in support of their contention that VA exercises substantial control over the foreclosure sales. The Secretary of Veterans Affairs is authorized to implement a home mortgage loan guaranty program to assist eligible veterans in owning homes. By guaranteeing that a major portion of the loan will be paid, the VA program makes it possible for veterans who might not otherwise qualify to obtain mortgage loans.

By protecting the lender against loss, the VA mortgage loan guaranty program provides an incentive to private lenders to finance residential housing for veterans. Participating lenders must follow VA regulations and policies in processing the loan applications and in treating defaults and claims arising through the loans.

Upon the borrower's delinquency for at least 60 days, the lender must notify the VA of default, and the VA has the property appraised. The VA determines the net value of the property and the amount of the total indebtedness under the loan. Then, the VA notifies the lender of the loan value and the minimum amount to be credited to the indebtedness following the sale.

If the foreclosure sale price does not cover certain amounts, the lender may convey the property to the Secretary of VA for payment. This conveyance is accomplished by the lender assigning its interest in the successful foreclosure sale bid to the Secretary of VA and instructing the trustee to convey the property to the Secretary of VA.

### C.

In *United States of America v. State of North Carolina,* No. 83–1576–CIV–5, the United States of America, plaintiff, and the State of North Carolina, defendant, entered into a Consent Permanent Injunction which provided in part:

It is ORDERED, ADJUDGED AND DECREED:

1. That a permanent injunction is entered enjoining the defendant, State of North Carolina, its agencies and instrumentalities, from assessing and collecting against plaintiff, its agencies and its trustees, the additional tax equal to "thirty cents ... per one hundred dollars ($100.00), or major fraction thereof, of the final sale price" of property sold under foreclosure by plaintiff under its power of sale clauses in its deeds of trust, as required by the newly-enacted provision of the 1983 Session Law which amends the North Carolina General Statutes, Section 7A–308(a)(1) where the ultimate burden of paying the tax falls upon the United States of America.

2. That a permanent[ ]injunction is entered enjoining the defendant, its

agencies and instrumentalities, from assessing and collecting the aforesaid tax against plaintiff and its agencies where the ultimate burden of paying the tax falls upon the United States of America and remain in full force and effect unless and until the North Carolina General Assembly eliminates the application of the 1983 Session Law amending North Carolina General Statute § 7A–308(a) as it applies to the United States of America, its agencies and trustees.

### D.

The deeds of trust for which plaintiff is trustee are given as security for loans made and held by private lenders and secured or guaranteed by agencies of the United States, HUD and VA. Plaintiff foreclosed upon these properties by exercising the private power of sale provisions contained in the agency-prescribed deeds of trust. The power of sale provision allowed the trustee, upon the borrower's default, to sell the property at public auction to the highest bidder for cash. On the day of the auction, the lender was the highest bidder for each property, and the trustee sold each property to the lender. The lender then assigned its bids to the agency backing the loan, HUD or VA. The lender also arranged for the trustee's deeds of foreclosure to be made directly to the Secretary of HUD or VA.

After the auctions, the trustee attempted to file his final reports and accounts of receipts and disbursements with the Cumberland County Clerk's Office. The reports stated that the Secretary of HUD or VA was the purchaser of the property as a result of the lender assigning its bid to the agency. The clerk's office refused to accept the trustee's final reports and accounts for filing until the trustee paid the foreclosure sales tax imposed by N.C.Gen. Stat. § 7A–308(a)(1).

Plaintiff filed this declaratory action seeking a determination that the foreclosure tax imposed by N.C.Gen.Stat. § 7A–308(a) is not collectible on the sales in question as the United States agencies ultimately bear the burden of paying the tax.

### II.

The federal defendants set forth three contentions in support of their position that the foreclosure tax is not collectible. First, they contend the tax is not collectible by the terms of the Consent Permanent Injunction. Second, they contend the Supremacy Clause of the United States Constitution prohibits the assessment of the tax. Finally, they contend that North Carolina is constitutionally prohibited from collecting the tax as it is a direct tax upon an important governmental activity. The state defendants refute each contention and move for summary judgment in their favor.

### III.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The parties agree there are no genuine issues of material fact in this case. The only issue, therefore, is which party is entitled to a judgment as a matter of law.

### IV.

State law provides that certain "miscellaneous fees and commissions shall be collected by the clerk of superior court and remitted to the State for the support of the General Court of Justice." N.C.Gen.Stat. § 7A–308(a). That provision imposes a $25.00 fee on a foreclosure under a power of sale in a deed of trust. *Id.* If the property is sold pursuant to the power of sale, the law imposes an "additional sum", not to exceed $200.00, of thirty cents per $100.00, or major fraction thereof, of the final sale price. *Id.*

The proceeds of a foreclosure sale "shall be applied by the person making the sale ... to the payment of ... [c]osts and expenses of the sale." N.C.Gen.Stat. § 45–21.31(a)(1). As a cost of sale to be collected by the clerk, the fee imposed by

N.C.Gen.Stat. § 7A–308(a) must be paid from the foreclosure sale proceeds. The North Carolina Supreme Court has stated:

> Payment of the costs and expenses required by N.C.G.S. § 45–21.31(a) is not the obligation of the purchase money debtor whose deed of trust is being foreclosed. Nor is it, strictly speaking, the obligation of the buyer at the foreclosure sale. Instead, these statutory costs and expenses ... are simply obligations arising from the foreclosure sale which must be paid by the trustee before the remainder of the proceeds may be distributed.

*Merritt v. Edwards Ridge*, 323 N.C. 330, 336, 372 S.E.2d 559, 563 (1988).

### V.

■■■ The federal defendants first contend the fee imposed by N.C.Gen.Stat. § 7A–308(a) is not collectible by the terms of the Consent Permanent Injunction. That injunction prohibits collection of the foreclosure tax when the ultimate burden of paying the tax falls upon the United States. These defendants contend that when the United States, its officer or agency is the grantee in the deed of foreclosure, the United States bears the ultimate burden of paying the tax and that, therefore, North Carolina is violating the Consent Permanent injunction by attempting to collect the foreclosure sales tax on federally guaranteed properties. The court does not agree.

The first paragraph of the Consent Permanent Injunction prohibits the assessment and collection of the foreclosure tax "against [the United States], its agencies and its trustees ... [on] property sold under foreclosure by [the United States] under its power of sale clauses in its deeds of trust ... where the ultimate burden of paying the tax falls upon the United States of America." The foreclosure sales in this case do not meet the criteria of this paragraph. The power of sale clauses enforced in this case were not in deeds of trust of the United States or even of its agencies. The deeds of trust were those of the lending institutions. Thus, the terms of the Consent Permanent Injunction do not apply to this case.

The federal defendants contend the second paragraph of the Consent Permanent Injunction applies to a different situation than the first paragraph and applies to the facts of this case. The second paragraph prohibits the assessment and collection of the foreclosure tax "against [the United States] and its agencies where the ultimate burden of paying the tax falls upon the United States of America." Assuming for purposes of this motion, but without deciding, that the second paragraph does apply to a different situation, the court still finds that the foreclosure tax assessed in this case does not violate the terms of the Consent Permanent Injunction.

The foreclosure sales at issue in this case are not instances in which the ultimate burden of paying the tax falls upon the United States or its agencies. As indicated, the lender is the highest bidder and purchaser at the foreclosure sale; the federal agency is named in the foreclosure deed only through assignment of the lender's bid. The trustee is required by N.C. Gen.Stat. § 45–21.31(a) to pay the foreclosure tax. This statutory cost is simply an obligation of the trustee that must be paid from the proceeds of the foreclosure sale. *Merritt v. Edwards Ridge*, 323 N.C. at 336, 372 S.E.2d at 563.

### VI.

■■ The federal defendants also contend the Supremacy Clause of the United States Constitution prohibits assessment of the foreclosure tax. They contend the state legislature intended the ultimate burden of paying the foreclosure tax to fall upon the purchaser of the foreclosed property and that the state is therefore constitutionally prohibited from collecting the tax. The court does not agree.

■■ In *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819), the Supreme Court held that states are prohibited from directly taxing the United States govenment, its activities, and its property. Nor may a state impose a tax whose legal incidence falls upon the United States. *United States v. County of Fresno*, 429

U.S. 452, 459, 97 S.Ct. 699, 703, 50 L.Ed.2d 683 (1977). The court must look beyond the bare face of the taxing statute and consider all relevant circumstances. *United States v. City of Detroit*, 355 U.S. 466, 469, 78 S.Ct. 474, 476, 2 L.Ed.2d 424 (1958). The Supreme Court has recently summarized the doctrine as follows:

> [U]nder current intergovernmental tax immunity doctrine the States can never tax the United States directly but can tax any private parties with whom it does business, even though the financial burden falls on the United States, as long as the tax does not discriminate against the United States or those with whom it deals.

*South Carolina v. Baker*, 485 U.S. 505, 523, 108 S.Ct. 1355, 1366, 99 L.Ed.2d 592 (1988). The federal defendants contend the legal incidence of the foreclosure tax falls upon the federal agencies, the United States, thus prohibiting the state from imposing and collecting the tax.

In *Alabama v. King & Boozer*, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941), the Court considered whether a state sales tax violated the doctrine of federal government immunity from state taxation. State law required the seller of goods to collect a sales tax from the purchaser and remit the tax collected to the state. A partnership, King & Boozer, sold lumber to contractors for use in a "cost-plus-fixed-fee" federal government contract. The state assessed the tax against King & Boozer for sales to the contractors and the United States intervened. King & Boozer and the United States contended the tax was prohibited by the Constitution because it was a tax upon the United States. The government argued that it exercised extensive control over the purchases by setting forth specific requirements so as to make the contractors agents of the government which should not be subject to the tax. The court found that:

> however extensively the Government may have reserved the right to restrict or control the action of the contractors in other respects, neither the reservation nor the exercise of that power gave to the contractors the status of agents of the Government to enter into contracts or to pledge its credit.

*Id.* at 13, 62 S.Ct. at 47. Therefore, the Court held that the tax imposed was not a tax upon the federal government and the state was not prohibited from requiring the seller to collect the tax and remit it to the state. Reviewing the doctrine of federal government immunity from state taxation in a recent opinion, the Supreme Court stated:

> *King & Boozer* thus completely foreclosed any claim that the nondiscriminatory imposition of costs on private entities that pass them on to States or the Federal Government unconstitutionally burdens state or federal functions. Subsequent cases have consistently reaffirmed the principle that a nondiscriminatory tax collected from private parties contracting with another government is constitutional even though part or all of the financial burden falls on the other government.

*South Carolina v. Baker*, 485 U.S. at 521, 108 S.Ct. at 1365 (citation omitted).

The foreclosure tax at issue in this case is a nondiscriminatory tax; all trustees who sell real property under the power of sale provisions of a deed of trust must pay the tax from the sale proceeds. The only exception arises from the terms of the Consent Permanent Injunction. The foreclosure tax is not unconstitutionally imposed upon the proceeds of the foreclosure sale. The tax is indiscriminately imposed upon every trustee who sells under the power of sale provisions of a deed of trust. The fact that the lender is entitled to reimbursement from HUD for two-thirds of the foreclosure costs does not alter the court's conclusion that the ultimate burden of paying the tax is not on the federal agency. A portion of the tax is not reimbursed and to allow the trustee to avoid the tax on the entire purchase price simply because the federal agency has a contractual obligation to repay the tax would deprive the state of collecting one-third of the revenues. The Supreme Court was not persuaded by similar arguments.

> [The contractors] were not relieved of the liability to pay the tax either because

the contractors in a loose and general sense were acting for the Government in purchasing the lumber or ... because the economic burden of the tax imposed upon the purchaser would be shifted to the Government by reason of its contract to reimburse the contractors.

*King & Boozer,* 314 U.S. at 12, 62 S.Ct. at 47. By the same token, the trustee is not relieved of liability for the fee imposed by the North Carolina statute.

## VII.

 Finally, the Federal defendants contend that even if the foreclosure tax is imposed upon the seller, North Carolina is constitutionally prohibited from collecting the tax because it is levied upon an instrumentality of the United States which is performing important government functions. The premise of this contention is that the foreclosure tax is imposed upon the activity of the United States in conducting the foreclosure sale.

The court notes this contention is flawed in one major respect. The foreclosure tax is not imposed upon the seller (the lender), the purchaser (the borrower) or the purchaser's assignee (the federal agency). The tax is levied upon the proceeds held by the trustee and must be paid by the trustee. *Merritt v. Edwards Ridge, supra.* As in *King & Boozer,* the fact that the government sets forth many of the requirements and reimburses the lender for part of the foreclosure costs does not make the foreclosure sale a government activity. This contention is without merit.

## VIII.

For the reasons stated, the motion of the federal defendants for summary judgment is denied, and the motion of the state defendants is allowed. The court hereby declares:

(1) That the terms of the Consent Permanent Injunction entered in *United States of America v. State of North Carolina,* No. 83–1576–CIV–5, are inapplicable to foreclosure sales under power of sale when the documents evidencing the indebtedness are owned by entities which are not agencies or instrumentalities of the United States of America but are insured or guaranteed by agencies or instrumentalities of the United States. (2) That the provisions of N.C.Gen.Stat. 7A–308(a)(1) are fully applicable to sales by trustees under deeds of trust where a federal agency is the guarantor, or insurer, of the underlying loan.