COLSON & COLSON CONSTRUCTION CO., AN OREGON GENERAL PARTNERSHIP, PLAINTIFF v. JAMES A. MAULTSBY AND WIFE, LAUREL R. MAULTSBY, SALLY T. GILMORE, AS SUBSTITUTE TRUSTEE, AND FIRST UNION NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, DEFENDANTS

No. 9018SC119

(Filed 16 July 1991)

**Mortgages and Deeds of Trust § 32.1 (NCI3d)— foreclosure— purchase money note—attorney fees**

The trial court erred in awarding attorney fees to defendants in a declaratory judgment action to determine defendants' right to attorney fees where defendants sold property to plaintiff; plaintiff executed a purchase money promissory note; the note was secured by a deed of trust which incorporated the purchase money note; the maker of the note agreed to pay the holder reasonable attorney fees not exceeding fifteen percent of the outstanding balance, plus other reasonable expenses incurred in exercising rights and remedies upon default; plaintiff failed to make a balloon payment under the note; checks from plaintiff to defendant for accrued interest and for outstanding principal, accrued interest and taxes were returned for insufficient funds; plaintiff offered to wire funds to the trust account of defendant's counsel; defendant's counsel demanded payment of attorney fees of $24,058.50, representing fifteen percent of $160,389.99, the amount of all outstanding principal, accrued interest, and reimbursement for taxes with interest; plaintiff responded that it did not believe it was obligated to pay that amount of attorney fees; $163,564.47 was subsequently wired to the trust account of defendants, representing the previously agreed amount plus attorney fees of $2500; counsel for defendants returned the payment; foreclosure was instituted; a partial payment was later accepted; and the trial court ordered that defendant recover from plaintiffs in the foreclosure action attorney fees of $24,424.43, trustee's fees, and other amounts. Except for ad valorem taxes, property assessments, and property insurance premiums paid by the purchase money creditor on behalf of the purchase money debtor, a purchase money debtor cannot be forced to elect between paying an amount in excess of the balance purchase price secured by a purchase money deed of trust or forfeiting the property at foreclosure. The balance

purchase money debtor's exercise of his right to redemption cannot be conditioned on the payment of additional moneys not secured by the purchase money deed of trust; to hold otherwise would be to make the purchase money debtor personally liable, a consequence the anti-deficiency statute prohibits. N.C.G.S. § 45-21.38 (1984).

**Am Jur 2d, Mortgages §§ 625-628.**

**Validity of provision in promissory note or other evidence of indebtedness for payment, as attorneys' fees, expenses, and costs of collection, of specified percentage of note. 17 ALR2d 288.**

APPEAL by plaintiff from judgment entered 7 December 1989 in GUILFORD County Superior Court by *Judge James J. Booker.* Heard in the Court of Appeals 30 August 1990.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by S. Leigh Rodenbough IV, James H. Jeffries IV, and Daniel M. Sroka, for plaintiff-appellant.*

*Shope and McNeil, P.A., by Richard I. Shope and Michael L. Burton, for defendant-appellees James A. and Laurel R. Maultsby.*

*Carruthers & Roth, P.A., by Sally T. Gilmore, for defendant-appellee Sally T. Gilmore, Substitute Trustee.*

PARKER, Judge.

Plaintiff instituted this action for declaratory relief under N.C.G.S. §§ 1-253 and 1-254 to determine defendants' entitlement to attorneys' fees under a purchase money note and deed of trust and for injunctive relief under N.C.G.S. § 45-21.34 prior to foreclosure.

Defendants James A. Maultsby and wife, Laurel R. Maultsby, sold property in Greensboro, North Carolina, to plaintiff, Colson & Colson Construction Co., an Oregon general partnership. Plaintiff executed a purchase money promissory note, dated 8 December 1987, in the amount of $162,500.00, payable to defendants Maultsby. Principal and interest at the rate of ten percent were to be paid as follows: Payments of accrued interest only were due on 4 June 1988, 4 December 1988, and 4 June 1989; and a final payment of principal and accumulated interest was due on 17 September 1989. The note was secured by a deed of trust wherein plaintiff as grantor conveyed the property to Richard I. Shope, trustee,

with defendants Maultsby as beneficiaries. The deed of trust incorporated the purchase money note by reference.

The note included an acceleration clause: In case of default in payment of any installment not cured within ten days from the due date, the holder could declare the remaining principal and interest due and payable. The unpaid principal, accrued interest, and all other sums due under the note and deed of trust bore interest at the rate of ten percent after default until paid.

Upon default, an attorney could be employed to enforce the holder's rights and remedies; and the maker agreed to pay the holder reasonable attorneys' fees not exceeding fifteen percent of the outstanding balance owing on the note, plus all other reasonable expenses incurred by the holder in exercising any rights and remedies upon default. Rights and remedies as provided both in the note and deed of trust were cumulative and could, in the discretion of the holder, be pursued singly, successively, or together against the property described in the deed of trust or any other funds, property or security held by the holder for payment or security. Failure to exercise any right or remedy did not constitute waiver or release.

Under the deed of trust, if foreclosure was commenced but not completed, the grantor agreed to pay all expenses incurred by the trustee and a partial commission computed on five percent of the outstanding indebtedness according to the following schedule: one quarter thereof before the trustee issued a notice of hearing; half thereof after issuance of the notice; three quarters after the hearing; and the greater of the full commission or minimum after the initial sale.

The note and deed of trust were assigned to defendant First Union National Bank ("FUNB") as collateral security for the payment of monies owed FUNB by Maultsby Orthopaedic Clinic; FUNB later reassigned the note and deed of trust to defendants Maultsby. Defendant Gilmore was appointed as substitute trustee under the deed of trust. Based on FUNB's reassignment of the note and deed of trust, on 27 November 1989, plaintiff filed notice of voluntary dismissal of its claims against FUNB.

Plaintiff made the three payments of accrued interest in timely fashion. Plaintiff was, however, unable to make the balloon payment of principal and interest due on 17 September 1989. Prior to 17

COLSON & COLSON CONSTRUC. CO. v. MAULTSBY

[103 N.C. App. 424 (1991)]

September plaintiff mailed to defendant a check in the amount of $8,125.00, representing accrued interest. The check was returned for insufficient funds. On 21 September 1989 plaintiff made the $8,125.00 payment by wire transfer. By letter dated 20 September 1989, defendants Maultsby declared plaintiff in default under the note and demanded all amounts due. The letter advised that if the entire principal and accrued interest were not paid within five days, foreclosure would commence, and if foreclosure was commenced, the trustee would seek fees in the amount of fifteen percent of the total amount due, plus reasonable attorneys' fees. In addition the letter stated that under N.C.G.S. § 6-21.2, the note holder could collect attorneys' fees in the amount of fifteen percent of the outstanding principal and interest if not paid within five days from the date of written notice and that if the entire principal and interest was not paid within five days from 20 September 1989, the note holder would exercise its right to charge and collect attorneys' fees in the amount of fifteen percent of the entire principal and interest due.

On 26 September 1989 J. Wallace Gutzler, general counsel for plaintiff, and counsel for defendants Maultsby agreed that the time for payment without incurring attorneys' fees would be extended by two days. It was agreed that defendants Maultsby would accept $160,389.99, which represented all outstanding principal and accrued interest, as well as reimbursement for taxes, with interest thereon, paid by these defendants. On 27 September 1989 defendants Maultsby received a check from plaintiff in the agreed amount, but the check was subsequently returned for insufficient funds.

Upon realizing the check had been dishonored and verifying that plaintiff had sufficient funds to make payment, on 11 October 1989 plaintiff's general counsel offered to wire the agreed sum to the trust account of counsel for defendants Maultsby. Defendants' counsel demanded payment of attorneys' fees in the amount of $24,058.50, representing fifteen percent of $160,389.99. Plaintiff's general counsel responded that plaintiff did not believe it was obligated to pay attorneys' fees in this amount.

On 12 October 1989 plaintiff wired $163,564.47 to the trust account of counsel for defendants Maultsby. In his letter dated 11 October 1989, plaintiff's general counsel explained that this amount represented the previously agreed amount, plus attorneys' fees in the amount of $2,500.00. The letter stated that the transfer

of funds was conditioned upon defendants' prompt reconveyance of the deed of trust and note marked "paid" and proposed that the issue of reasonableness of attorneys' fees be submitted to the state bar or a judge of superior court.

Counsel for defendants Maultsby returned plaintiff's payment by letter dated 12 October 1989, and demanded payment of $189,464.89, which represented principal and interest of $161,216.42, attorneys' fees of $24,182.46, trustee's fees of $4,030.41, and costs of $35.60. The same day defendants Maultsby caused defendant Gilmore as trustee to institute foreclosure proceedings on the property securing plaintiff's indebtedness.

On 21 November plaintiff made a partial payment to defendants Maultsby in the amount of $161,064.47. This sum represented the principal balance, interest from 4 June to 12 October, property taxes paid by defendants Maultsby, and interest thereon, minus a deduction for the $8,125.00 paid by plaintiff on 21 September. Defendants Maultsby accepted this amount as partial payment of plaintiff's obligation to them. Principal and interest actually accrued on 21 November was $162,829.56, which represented principal and interest as of 12 October in the amount of $161,064.47, and interest to 21 November in the amount of $1,765.09.

In its judgment dated 7 December 1989, the trial court after making the requisite findings and conclusions, ordered that defendants Maultsby recover from plaintiff in the foreclosure action (i) attorneys' fees of $24,424.43, representing fifteen percent of the outstanding principal and interest balance as of 21 November 1989; (ii) trustee's fees of $4,070.74, representing two and one-half percent of the outstanding principal and interest balance as of the same date; (iii) the outstanding principal balance of $1,765.09; and (iv) interest at ten percent per annum on the attorneys' fees, trustee's fees, and principal balance from 21 November 1989 until paid. In addition, defendants Maultsby were to recover (i) additional trustee's fees after hearing and/or sale, as provided in the deed of trust, and (ii) filing fees; recording fees; service costs; and facsimile, postage, and copying charges incurred by the trustee upon completion of the foreclosure or until all sums due were paid and the property redeemed. The trial court also granted plaintiff's motion for a stay of the foreclosure proceedings begun by defendants.

The first question raised in this appeal is whether the purchase money creditors are entitled to add their attorneys' fees to the

COLSON & COLSON CONSTRUC. CO. v. MAULTSBY

[103 N.C. App. 424 (1991)]

amount necessary to satisfy the obligation secured by a purchase money deed of trust when the purchase money debtor in default exercises his right of redemption to prevent foreclosure on the property conveyed in the purchase money deed of trust. Plaintiff argues that under *Merritt v. Edwards Ridge*, 323 N.C. 330, 372 S.E.2d 559 (1988), a purchase money deed of trust creditor/seller is precluded by the anti-deficiency statute, N.C.G.S. § 45-21.38, from recovering attorneys' fees from the debtor/purchaser. Defendants contend that since, unlike in *Merritt*, no deficiency is being sought, N.C.G.S. § 45-21.38 is inapplicable, and the only question is the amount of the indebtedness owed, not the source from which it is to be paid.

The anti-deficiency statute provides:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same . . . .

N.C.G.S. § 45-21.38 (1984).

Without question the present action does not involve a deficiency after foreclosure. Certain language in *Merritt*, and particularly the Court's reiteration of the legislative intent underlying the anti-deficiency statute, strongly suggest, however, that this distinction is not determinative in a purchase money note and deed of trust transaction. The Court noted that a "mechanically literal and restrictive" interpretation of the anti-deficiency statute was not acceptable and re-emphasized its statement in *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979), that the intent of the legislation was the protection of vendee/mortgagors from oppression by vendor/mortgagees. *Merritt*, 323 N.C. at 334, 372 S.E.2d at 562. The Court further explained that

> "the manifest intention of the Legislature was to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate

and the securing instruments state that they are for the purpose of securing the balance of the purchase price."

*Id.* at 335, 372 S.E.2d at 562 (quoting *Realty Co. v. Trust Co.*, 296 N.C. at 370, 250 S.E.2d at 273).

The Court in *Merritt* acknowledged that attorneys' fees and expenses associated with foreclosure of a purchase money deed of trust are not part of the purchase price. 323 N.C. at 335, 372 S.E.2d at 562. The Court noted further, "Payment of the costs and expenses required by N.C.G.S. § 45-21.31(a) is not the obligation of the purchase money debtor whose deed of trust is being foreclosed." *Id.* at 336, 372 S.E.2d at 563. Relying on its reasoning in *Barnaby v. Boardman*, 313 N.C. 565, 330 S.E.2d 600 (1985), that a purchase money debtor cannot waive the protection of the anti-deficiency statute, the Court held that the agreement in the note to pay attorneys' fees could not be a waiver of the limitation on the purchase money creditor's right to recover only from the property conveyed. *Merritt*, 323 N.C. at 336, 372 S.E.2d at 563. Finally, the Court in *Merritt* also rejected the argument that N.C.G.S. § 6-21.2 permitted recovery of attorneys' fees, holding that the anti-deficiency statute, which deals specifically with default on a purchase money note and deed of trust, controls over the statute for collection of indebtedness in general, N.C.G.S. § 6-21.2. 323 N.C. at 337, 372 S.E.2d at 563-64.

Guided by the principles enunciated in *Merritt* and also by the equitable principle protecting a purchase money debtor's right of redemption, *see Riddick v. Davis*, 220 N.C. 120, 16 S.E.2d 662 (1941), we are of the opinion that, except for ad valorem taxes, property assessments and property insurance premiums paid by the purchase money creditor on behalf of the purchase money debtor, a purchase money debtor cannot be forced to elect between paying an amount in excess of the balance purchase price secured by a purchase money deed of trust or forfeiting the property at foreclosure. The purchase money deed of trust creditor cannot bring an action on the note to recover the purchase price either before or after foreclosure, *Barnaby v. Boardman*, 313 N.C. 565, 330 S.E.2d 600 (1985); *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979), and is strictly limited to the property which was conveyed for purposes of securing the balance of the purchase price. *Merritt*, 323 N.C. at 335, 372 S.E.2d at 562. The promissory note in the present case states on its face that it is "given as purchase money,

COLSON & COLSON CONSTRUC. CO. v. MAULTSBY

[103 N.C. App. 424 (1991)]

and is secured by a Purchase Money Deed of Trust." The note is incorporated by reference into the deed of trust. Under *Merritt* attorneys' fees are not part of the purchase price. Hence, even if the trustee were to foreclose on the purchase money deed of trust, the purchase money creditor's attorneys' fees would not be a secured obligation. The purchase money debtor's exercise of his right of redemption, therefore, cannot be conditioned on the payment of additional moneys not secured by the purchase money deed of trust. To hold otherwise would be to make the purchase money debtor personally liable, a consequence the anti-deficiency statute, as interpreted by our case law, prohibits. *Barnaby v. Boardman*, 313 N.C. at 570, 330 S.E.2d at 602-603.

The possibility that the purchase money creditor may be the purchaser at foreclosure and that the property may have a value in excess of the balance of the purchase price does not alter this result. The purpose of the anti-deficiency statute is to prevent oppression of a purchase money debtor by a purchase money creditor. The purchase money debtor has both an equitable and statutory right to redeem. *Riddick v. Davis*, 220 N.C. 120, 16 S.E.2d 662 (1941); N.C.G.S. § 45-21.20 (1984). The law favors the party the policy was designed to protect.

For the foregoing reasons we hold that the trial court erred in awarding attorneys' fees to defendants. As we have held that defendants are not entitled to attorneys' fees, we do not address plaintiff's remaining contentions. The judgment is vacated and the action remanded for further proceedings, as necessary, not inconsistent with this opinion.

Vacated and remanded.

Judges JOHNSON and PHILLIPS concur.