J. PERRY JONES REALTY, INCORPORATED v. ARIEL McLAMB AND WIFE, DORCAS McLAMB

No. 744DC237

(Filed 15 May 1974)

**Corporations § 23— corporate deed — necessity for attestation by secretary**
    In a corporation's action to remove cloud from title, the trial court erred in holding that a deed signed by the corporation's president but not attested by its secretary was a valid corporate deed; however, the cause must be remanded for a determination as to whether the corporation ratified the deed or is estopped to deny its validity and whether the instrument might be construed as a contract to convey.

APPEAL by plaintiff from *Crumpler, District Judge,* at the 17 December 1973 Session of SAMPSON District Court.

Heard in the Court of Appeals 18 April 1974.

This is a civil action under G.S. 41-10 to remove a cloud on plaintiff's title to certain land located in Sampson County, North Carolina. Corporate plaintiff contends that a certain paper writing purporting to be a deed of conveyance to the land in question from the plaintiff to the defendants is null and void and of no effect in that it was not executed in compliance with North Carolina law pertaining to execution of deeds by corporations. Plaintiff asserts that the instrument in question was not signed in the name of the corporation and that it was not attested by the corporation's secretary. The instrument is dated 11 March 1968 and was recorded in the Office of the Sampson County Register of Deeds on 13 March 1968. This action was tried without a jury before Judge Crumpler with the sole issue being the legal effect of the instrument in question. From a judgment that the plaintiff had no interest in the land in question and that the land was conveyed on 11 March 1968 to the defendants by the instrument in question, plaintiff appealed.

*Harry M. Lee and David J. Turlington, Jr., for plaintiff appellant.*

*Warren & Fowler by Miles B. Fowler for defendant appellees.*

CAMPBELL, Judge.

The instrument in question reads:

"NORTH CAROLINA,
 SAMPSON COUNTY.

THIS DEED, Made this the 11 day of March, 1968, by J. PERRY JONES REALTY, INC., a corporation organized and existing under and by virtue of the laws of the State of North Carolina, with its principal office in the City of Dunn, County of Harnett, State of North Carolina, party of the first part, to ARIEL MCLAMB and wife, DORCAS D. MC-LAMB, of the County of Sampson, State of North Carolina, parties of the second part; WITNESSETH:

That the said party of the first part for and in consideration of the sum of TEN DOLLARS ($10.00) and other

valuable considerations to it in hand paid by the said parties of the second part, the receipt of which is hereby acknowledged, has bargained and sold, conveyed and confirmed, and by those presents does hereby grant, bargain, sell and convey unto the said parties of the second part, their heirs and assigns, all that certain lot or parcel of land, lying and being in South Clinton Township Sampson County, North Carolina, adjoining the lands of Ariel McLamb, F. H. Fussell, State Highway No. 24, and others, and described as follows:

BEGINNING at an iron stake in the Southeastern edge of the right-of-way of State Highway No. 24, 30 feet from the center of the pavement thereof a corner with Ariel McLamb and runs thence along the line of Ariel McLamb S. 0° 45' W. 620 feet to a new stake and corner; thence leaving the Ariel McLamb line and running thence N. 66° 35' E. 20 feet to a stake and corner with the F. H. Fussell land; thence with the F. H. Fussell land N. 0° 45' E. 620 feet to a stake and corner in the Southeastern edge of the right-of-way of State Highway No. 24, 30 feet from the center of the pavement thereof; thence along the Southeastern edge of State Highway No. 24, S. 66° 35' W. 20 feet to the BEGINNING corner, and being a small parcel of land lying between the F. H. Fussell land and the Ariel McLamb land, as appears on a map made by L. C. Kerr, Jr., Registered Surveyor, dated December 16, 1967.

TO HAVE AND TO HOLD said land and premises together with all the privileges and appurtenances thereto belonging or in anywise appertaining unto them, the said parties of the second part, their heirs and assigns, in fee simple forever.

And the said party of the first part, for itself, its successors and assigns, covenants to and with the said parties of the second part, their heirs and assigns, that it is the owner and lawfully seized of said premises in fee and has the right to convey the same in fee simple; that the same is free and clear of all encumbrances whatever and that it does hereby warrant and will forever defend the title to the same against the lawful claims of any and all persons whomsoever.

---

---

IN TESTIMONY WHEREOF, the said party of the first part, has hereunto set it's (sic) hand and seal, the day and year first above written.

J. PERRY JONES
President

NORTH CAROLINA,
SAMPSON COUNTY.

This the 12 day of March, 1968, personally came before me J. PERRY JONES, president of J. PERRY JONES REALTY, INC., who, being by me duly sworn, says, that he is President of the said company, and that the seal affixed to the foregoing deed of conveyance in writing is the corporation seal of the company, and that said writing was signed and sealed by him in behalf of said corporation by it's (sic) authority duly given. And the said J. PERRY JONES, President, acknowledged the said writing to be the act and deed of said corporation.

Witness my hand and notarial seal, this the 12 day of March, 1968.

P. D. Herring
Notary Public
My Commission Expires:
9-24-68"

The instrument also contained the corporate seal of J. Perry Jones Realty, Inc., immediately after the name of the President, and the seal of the Notary was also affixed.

G.S. 55-36(a) reads:

"*Execution of corporate instruments; authority and proof.*— (a) Notwithstanding anything to the contrary in the bylaws or charter, any deed, mortgage, contract, note, evidence of indebtedness, proxy, or other instrument in writing, or any assignment or indorsement thereof, whether heretofore or hereafter executed, *when signed in the ordinary course of business on behalf of a corporation by its president or a vice president and attested or countersigned by its secretary, or an assistant secretary,* (or, in the case of a bank, attested or countersigned by its secretary, assistant secretary, cashier, or assistant cashier), not acting in dual capacity, shall with respect to the rights of innocent

third parties, be as valid as if executed pursuant to authorization from the board of directors, unless the instrument reveals on its face a potential breach of fiduciary obligation. The foregoing shall not apply to parties who had actual knowledge of lack of authority or of a breach of fiduciary obligation or to the execution of corporate securities which are required, by a corporate regulations or resolutions formally adopted, to be signed or countersigned by a transfer agent or registrar who has agreed to act in that capacity." (Emphasis supplied.)

The statute is clear. Nothing else appearing, the instrument fails in that it was not attested by the corporate secretary. G.S. 55-36(a), Webster, *Real Estate Law in North Carolina*, § 139, p. 171 (1971). See also *Caldwell v. Mfg. Co.*, 121 N.C. 339, 28 S.E. 475 (1897); *Tuttle v. Building Corp.*, 228 N.C. 507, 46 S.E. 2d 313 (1948). It was error to hold that the instrument in question was a valid corporate deed.

However, there was insufficient evidence to determine whether the corporation ratified or was estopped to deny the validity of the deed, or whether the instrument might be construed as a contract to convey. There was no testimony as to the regular duties of the president, as to whether the corporation was engaged in the business of buying and selling real estate, whether the corporation or the president received the consideration, if any existed, or whether the instrument was executed with the knowledge and approval of a majority of the stockholders. In fact, there was no evidence at all other than the instrument itself. Although the pretrial conference order provided that there would be no witnesses offered by either plaintiff or defendants, the defendants did plead estoppel in their answer, and we think they are entitled to offer evidence thereof if any they have. We, therefore, remand for further proceedings in accordance with this opinion.

Reversed and remanded.

Judges MORRIS and VAUGHN concur.