CROWELL LITTLE v. COUNTY OF ORANGE AND TOWN OF CHAPEL HILL

No. 7615SC449

(Filed 17 November 1976)

1. **Uniform Commercial Code § 71— requirements for enforceable security interest**

   Requirements for an enforceable security interest in cases not involving land are (1) a writing; (2) the debtor's signature; and (3) a description of the collateral.

2. **Uniform Commercial Code § 71— writing evincing bargain — denomination of writing as security agreement unnecessary**

   So long as there is written language which makes and evinces the bargain between the parties, it does not matter that the writing is not denominated a security agreement.

3. **Corporations § 24; Uniform Commercial Code § 71— financing statement covering assets of corporation — no signature of corporate officer — no security interest created**

   Plaintiff's evidence was insufficient to show a valid and enforceable security interest in the assets of a motor company where such evidence consisted of (1) the purchase agreement and a note for the entire purchase price stating that the note was secured by a subordinated security interest in certain inventory of the motor company, both of which were signed only by the purchaser; and (2) a financing statement which indicated that it covered all assets of the motor company but which was not signed by any corporate officer of the motor company. G.S. 25-9-203(1)(b); G.S. 55-36(b).

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 8 March 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 13 October 1976.

Plaintiff appeals from summary judgment holding that his security interest in the assets of Crowell Little Motor Company, Inc., is unenforceable against defendants Orange County and Town of Chapel Hill and that, therefore, defendants' tax liens are superior to his security interest.

On 1 November 1974, plaintiff, who was owner of 90% of the common stock of Crowell Little Motor Co., Inc., sold almost all of his shares to C. Ray Downing for $60,000. Downing gave plaintiff a note for the entire purchase price. The purchase agreement between the parties recited the terms of the note and said, further, "This obligation shall be secured by a secondary security interest in the parts and used car inventory owned by the [Crowell Little Motor] Company. Such security

interest shall be subordinate up to Twenty-Five Thousand 00/100 Dollars." The agreement was subscribed, "SELLER: C. Crowell Little" and "PURCHASER: C. Ray Downing." The signature of the Crowell Little Motor Company, Inc., did not appear on the purchase agreement. The note contained this language: "This note is secured by a subordinated security interest in certain inventory owned by Crowell Little Motor Company, Inc., and (sic) recorded in the Orange County Registry." It, too, was signed by C. Ray Downing but not by Crowell Little Motor Company, Inc.

On 13 January 1975, plaintiff filed a standard financing statement with the Orange County Registry. The document contained this language:

> "This Financing Statement covers the following types or items of collateral: All assets of Crowell Little Motor Co., Inc., including but not limited to parts, inventory and used cars. This instrument is subordinate up to $25,000 of any financing."

In the space for the debtor's signature were typed the words "Crowell Little Motor Co., Inc." In the space for the secured party was the signature "Crowell Little." No document denominated a "security agreement" was ever executed by these parties.

On 6 May 1975, Orange County and the Town of Chapel Hill levied upon all the personal property of Crowell Little Motor Company, Inc., for the balance of ad valorem taxes then due. As a result of their levy, the county and the town acquired a tax lien against the property.

*Midgette, Page & Higgins, by Thomas D. Higgins III, for plaintiff appellant.*

*Winston, Coleman & Bernholz by Geoffrey E. Gledhill, for County of Orange, defendant appellee.*

*Haywood, Denny & Miller, by Emery B. Denny, Jr., and James H. Johnson III, for Town of Chapel Hill, defendant appellee.*

ARNOLD, Judge.

[1]  The issue here is whether plaintiff has a security interest which is superior to the tax liens of Orange County and the

Town of Chapel Hill. Requirements for an enforceable security interest in cases not involving land are (1) a writing; (2) the debtor's signature; and (3) a description of the collateral. *Evans v. Everett*, 279 N.C. 352, 183 S.E. 2d 109 (1971). Also *see* 44 N.C.L. Rev. 716, 724. Several sections of the Uniform Commercial Code, G.S. 25-1-101 *et seq.*, are relevant. The crucial section, G.S. 25-9-203(1)(b) provides:

> " . . . a security interest is not enforceable against . . . third parties unless . . . the debtor has signed a security agreement which contains a description of the collateral. . . . "

Other sections define the terms used in G.S. 25-9-203(1)(b).

According to G.S. 25-1-201(3), an

> " 'Agreement' means the bargain of the parties in fact as found in their language [or in ways irrelevant here]. Whether an agreement has legal consequences is determined by the provisions of this chapter, if applicable. . . . "

According to G.S. 25-9-105(h), a

> " 'Security agreement' means an agreement which creates or provides for a security interest."

And, according to G.S. 25-1-201(37), a

> " 'Security interest' means an interest in personal property . . . which secures payment or performance of an obligation."

Finally, under G.S. 25-9-105(d), a

> " 'Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, . . . Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires."

[2] The fact that the parties did not execute an instrument denominated as a "security agreement" is not necessarily fatal to plaintiff's claim. An agreement is the "bargain of the parties in fact as found in their language." G.S. 25-1-201(3). The requirement that the bargain be reduced to writing before it

becomes effective is in the nature of a statute of frauds. G.S.
25-9-203, Official Comment 5. So long as there is written lan-
guage which makes and evinces the bargain, it does not matter
that the writing is not denominated a security agreement. *Evans
v. Everett, supra.*

Our Supreme Court has held that a financing statement
standing alone can serve as a sufficient memorandum of the se-
curity agreement, and that court further indicated that, as in
other contracts involving a statute of frauds, two or more writ-
ings can be incorporated to satisfy the requirements of G.S.
25-9-203(1)(b). *Evans v. Everett, supra.* Also *see, In re Amex-
Protein Dev. Corp.,* 504 F. 2d 1056, (9th Cir. 1974); *In re
Numeric Corp.,* 485 F. 2d 1328, (1st Cir. 1973); *In re Car-
michael Enterprises, Inc.,* 334 F. Supp. 94, (N.D. Ga. 1971),
*aff'd* 460 F. 2d 1405 (5th Cir. 1972).

[3] Assuming, arguendo, that the purchase agreement and note
executed by C. Ray Downing, and the financing statement pur-
portedly signed by Crowell Little Motor Company, Inc., taken
together constitute a security agreement, in order to be effec-
tive these documents must be signed by the "debtor." G.S.
25-9-203(1)(b). G.S. 25-9-105(d) provides that if the debtor and
the owner of the collateral are not the same person, "the term
'debtor' means the owner of the collateral in any provision . . .
dealing with the collateral. . . . " Since the security agreement
must describe the collateral, it is a document "dealing with the
collateral," and, under G.S. 25-9-203(1)(b), must be signed by
the owner of the collateral.

The collateral in the case before us was owned by Crowell
Little Motor Company, Inc. The name of that corporation ap-
pears only on one of the three documents, the financing state-
ment. The financing statement is not signed by any corporate
officer of Crowell Little Motor Company, Inc.

G.S. 55-36(b) provides:

"Any instrument purporting to create a security interest in
personal property of a corporation, is sufficiently executed
on behalf of the corporation if heretofore or hereafter
signed in his official capacity by the president, a vice-
president, the secretary, an assistant secretary, the treas-
urer, or an assistant treasurer. Any instrument so executed
shall, with respect to the rights of innocent holders, be as
valid as if authorized by the board of directors . . . . "

In *Realty Inc. v. McLamb,* 21 N.C. App. 482, 204 S.E. 2d 880 (1974), G.S. 55-36(a) was construed by this Court. That statute requires corporate deeds to be signed by the president and attested by the secretary of the corporation. It was held that a deed which was not attested by the corporate secretary was not a valid deed. In the instant case the typed name of Crowell Little Motor Company, Inc., on the financing statement was insufficient under G.S. 55-36(b). Nowhere is the instrument signed by any corporate officer in his official capacity. Therefore, no security interest was created, and summary judgment was proper.

Affirmed.

Judges MORRIS and CLARK concur.