**In re GARRETT O. DRISCOLL & ASSOCIATES, INC., d/b/a Cape Cod Rod & Reel, Debtor.**

**Bankruptcy No. 92–17916–WCH.**

United States Bankruptcy Court, D. Massachusetts, E.D.

March 1, 1993.

Kevin L. Courtney, Bank of Boston Law Office, Boston, for Bank.

Allen H. Roffman, Trustee, Chelsea.

## DECISION ON MOTION FOR RELIEF FROM STAY OF THE FIRST NATIONAL BANK OF BOSTON

WILLIAM C. HILLMAN, Bankruptcy Judge.

The First National Bank of Boston ("Bank") provided a series of business loans to Debtor. It alleges that it holds a valid and perfected blanket security interest in all of the assets of Garrett O. Driscoll & Associates, Inc. ("Debtor").

The Chapter 7 Trustee objects to the motion, challenging the perfection of the Bank's interest.

The following discussion constitutes the Court's findings of fact and conclusions of law.

Examination of the documents reveals that on November 30, 1987, a security interest was granted to Bank by a security agreement (the "First Security Agreement") in which the obligation included all indebtedness including that arising thereafter, and the collateral encompassed all items within the reach of the Uniform Commercial Code. The name of the debtor at the top of the agreement is "Garrett O. Driscoll d/b/a Cape Cod Rod & Reel Repair." The signature of the debtor is the following form:

Garrett O. Driscoll d/b/a

Cape Cod Rod & Reel Repair

By /s/ *Garrett O. Driscoll*

Financing statements with the same broad form of collateral description and similar signatures were properly filed with the Town of Barnstable and the Commonwealth.

In connection with subsequent financing, a new security agreement on the same printed form was prepared ("the Second Security Agreement"). In it the name of the debtor is given as "Garrett O. Driscoll and Associates, Inc." The Second Security Agreement is undated and the form of the signature is:

*[blank line]*

By *Garrett O. Driscoll*

New financing statements were filed in the appropriate offices on February 17, 1989. The debtor is designated as "Garrett O. Driscoll and Associates, Inc." and the signature appears as:

Garrett O. Driscoll and Associates, Inc.

By /s/ *Garrett O. Driscoll*

It is the Trustee's position that the First Security Agreement and related financing statements avail the Bank nothing as it is not a grant by the Debtor but by Mr. Driscoll individually; and that the Second Security Agreement and related financing statements have only Mr. Driscoll's individual signature, without an indication of cor-

porate capacity, and hence are not valid signatures of the Debtor.[1]

### The First Security Agreement

■ The First Security Agreement and the contemporaneous financing statements perfected a security interest in the collateral which was the property of Mr. Driscoll individually. Whether that filing would create a lien against the assets of the Debtor, a corporation which may have succeeded to the business of Mr. Driscoll,[2] is a matter of some dispute in the cases.

M.G.L. c. 106, § 9–402(7) provides in part:

"Where the debtor [so][3] changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time.

There are cases which would use the quoted statute to uphold Bank's security interest in all of the assets of the Debtor, including those acquired after the business began to function in corporate form. *e.g., National Bank v. West Texas Wholesale Supply Co. (In re McBee),* 714 F.2d 1316 (5th Cir.1983); *Houchen v. First Nat'l Bank (In re Taylorville Eisner Agency; Inc.,* 445 F.Supp. 665 (S.D.Ill.1977). The Court considers these decisions to be in error.

A security interest is "an interest in personal property ... that secures payment or performance of an obligation." M.G.L.A. c. 106 § 1–201(37). It is created by a security agreement, "an agreement which creates or provides for a security interest." M.G.L.A. c. 106 § 9–105(1)(*l* ). Absent pos-

session of collateral by the secured party, the debtor must have signed an agreement which contains a description of the collateral. M.G.L.A. c. 106 § 9–203(1)(a).

Since Debtor, the corporation, did not sign the First Security Agreement, it did not grant a security interest in its assets. In so holding, the Court follows such cases as *Citizens Savings Bank v. Sac City State Bank,* 315 N.W.2d 20, 23 (Iowa 1982); *Bank of Yellville v. Scott (In re Scott),* 113 B.R. 516 (Bankr.W.D.Ark.1990); *Jones v. Small Business Administration (In re Cohutta Mills, Inc.),* 108 B.R. 815 (N.D.Ga. 1989); and other cases cited in those authorities.

### The Second Security Agreement

The claimed defect in the Second Security Agreement is that neither the corporate name nor an indication of corporate capacity are part of the alleged signature.

■ The Court finds the security agreement to be valid where it is signed by Mr. Driscoll on the "by" line and the corporate name appeared at the head of the document. *In re J.A.G.G., Inc.,* 25 U.C.C.Rep. 1172 (D.Conn.1979) reached this conclusion where the individual name was followed by a corporate capacity, and the Court is willing to push the rule a little further.

■ As to the financing statements, it is said that the purported corporate signature does not contain an indication of the capacity in which Mr. Driscoll signed and hence is invalid. Once again, there are decisions supporting the Trustee. *American Pulverizer v. Cantrell,* 694 S.W.2d 714 (Ky.Ct. App.1985); *In re Rex Printing, Inc.,* 14 B.R. 403 (Bankr.N.D.Ind.1981); *In re Pennar Paper Co.,* 2 U.C.C.Rep. 659 (E.D.Pa. 1964). Once again the Court takes the opposite view, following *Murray v. Conrad,* 346 N.W.2d 814 (Iowa 1984); *In re*

---

**1.** The Trustee does not make an argument about the use of an ampersand for the word "and" which is just as well. It hardly rises to the dignity of a distinction without a difference but is mentioned in the interest of completeness.

**2.** The schedules filed in this case indicate that Debtor was incorporated May 1, 1987, which

was prior to the date of the First Security Agreement.

**3.** The bracketed word does not appear in M.G.L.A.; it is in the official text of the Uniform Commercial Code and the Court considers the omission here a typographical error.

*Great Basin Trans., Inc.,* 32 B.R. 365 (Bankr.W.D.Okla.1983); *Sherman v. Upton, Inc.,* 242 N.W.2d 666 (S.D.1976); *Plemens v. Didde–Glaser, Inc.,* 244 Md. 556, 224 A.2d 464 (1966); and similar decisions.

Since these documentary objections are the only problems which the Trustee has found with the motion for relief from stay, the motion will be granted.