JACK L. ADAMS v. LARRY D. COOPER, WILLIAM A. GRIFFIN, WILLIAM M. HOOPER, JIMMY R. JENKINS

No. 194A94

(Filed 5 May 1995)

**Mortgages and Deeds of Trust § 119 (NCI4th)— purchase of restaurant—action against guarantors of purchase money note—anti-deficiency statute**

The trial court did not err by dismissing plaintiff's action against the guarantors of a purchase money note used in the purchase of a restaurant. Defendants are afforded the protection of the anti-deficiency statute, N.C.G.S. § 45-21.38, because their obligation to plaintiff arises out of a purchase money obligation for a part of the purchase price of real estate. In all cases interpreting the anti-deficiency statute, the overriding principle is that when the purchase money debtor defaults, the purchase money creditor is limited strictly to the property conveyed and nothing else.

**Am Jur 2d, Mortgages § 920.**

**Mortgages: effect upon obligation of guarantor or surety of statute forbidding or restricting deficiency judgments. 49 ALR3d 554.**

**ADAMS v. COOPER**

[340 N.C. 242 (1995)]

Justice WHICHARD concurring.

Justices LAKE and ORR join in this concurring opinion.

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 459, 442 S.E.2d 141 (1994), reversing a judgment for defendants entered by Trawick, J., on 11 May 1993 in Superior Court, Dare County. Heard in the Supreme Court 13 March 1995.

*Trimpi & Nash, by John G. Trimpi, for plaintiff-appellee.*

*Twiford, Morrison, O'Neal & Vincent, by Edward A. O'Neal, for defendant-appellants.*

MITCHELL, Chief Justice.

On or about 3 January 1989, One December Enterprises, Inc. ("One December"), purchased a restaurant located in Dare County from the plaintiff. One December made a cash down payment, assumed two notes which were secured by a first and second deed of trust, and executed a promissory note for the balance of the purchase price—in the principal amount of $156,330.71—which was secured by a third deed of trust. Defendants signed the purchase money note, secured by the third deed of trust, as guarantors.

One December defaulted on its indebtedness to plaintiff, and the second deed of trust was foreclosed. The foreclosure of the second deed of trust had the effect of destroying the security for the third deed of trust.

Plaintiff filed this action to recover the amount owed on the purchase money note secured by the third deed of trust from defendants as guarantors of the note. Defendants moved, pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), to dismiss the action, contending that it was barred by the anti-deficiency statute. The trial court allowed defendants' motion and plaintiff appealed. The Court of Appeals, with Judge McCrodden dissenting, reversed the decision of the trial court. The defendants then appealed to this Court.

The sole issue presented on this appeal is whether North Carolina's anti-deficiency statute, N.C.G.S. § 45-21.38 (1991), bars an action against the guarantors of a purchase money note to recover the debt for the balance of the purchase price represented by the note.

We conclude that such action is barred by the statute and reverse the decision of the Court of Appeals.

North Carolina's anti-deficiency statute provides in pertinent part:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust . . . to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same . . . .

N.C.G.S. § 45-21.38. Because the defendants' obligation to the plaintiff arises out of a purchase money obligation for a part of the purchase price of real estate, the defendants are afforded the protection of the anti-deficiency statute. Our cases interpreting and applying the anti-deficiency statute have consistently held that the 1933 General Assembly intended it to prevent any suit on such a purchase money obligation other than one to foreclose upon the real property securing the obligation.

This Court has stated that the anti-deficiency statute is to be read broadly in order to give effect to its legislative intent and to prevent evasions of the statute. *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979). In construing the meaning of the anti-deficiency statute, we have said:

> [T]he manifest intention of the Legislature was to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.

*Id.* at 370, 250 S.E.2d at 273. The anti-deficiency statute prevents an action for personal judgment on the note and limits the creditor to the property conveyed in the deed of trust. *Id.* at 371, 250 S.E.2d at 274.

*Barnaby v. Boardman*, 313 N.C. 565, 330 S.E.2d 600 (1985), is another case involving the application of N.C.G.S. § 45-21.38. In *Barnaby*, we reemphasized that our anti-deficiency statute bars any suit on the note, whether before or after foreclosure, and strictly limits the creditor " '*to the property conveyed.*' " *Id.* at 571, 330 S.E.2d at

604 (quoting *Realty Co. v. Trust Co.*, 296 N.C. at 370, 250 S.E.2d at 273) (alteration in original).

In *Merritt v. Edwards Ridge*, 323 N.C. 330, 372 S.E.2d 559 (1988), the purchase money creditor sought recovery of back taxes, expenses of the foreclosure sale, and attorneys' fees. This Court concluded that the anti-deficiency statute precludes such recovery, stating that in our earlier cases we had not limited its protection to situations

> in which the purchase money creditor was suing on the note or was seeking only to recover the unpaid balance of the purchase price. Given our prior construction of our anti-deficiency statute in *Realty Co.*, and more recently in *Barnaby*, we now hold that when the purchase money debtor defaults, the purchase money creditor is limited *strictly to the property conveyed in all cases* in which the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.

*Id.* at 335, 372 S.E.2d at 562 (emphasis added).

In the recent case of *In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 432 S.E.2d 855 (1993), the property sold and deeded to Goforth was secured by his purchase money note and deed of trust. Subsequent to the execution of the purchase money note and deed of trust, Goforth executed a document entitled "Supplemental Deed of Trust" conveying certain other real property to the trustee for the benefit of the beneficiaries in the original purchase money deed of trust. Goforth defaulted on the purchase money note and deed of trust, and the property was foreclosed upon and sold; however, the proceeds of that foreclosure sale did not satisfy the debts secured by the purchase money note and deed of trust. The trustee then attempted to foreclose upon and sell the other property subject to the supplemental deed of trust in order to satisfy the deficiency. This Court concluded that it would violate the anti-deficiency statute to satisfy the deficiency by foreclosing on the additional property provided as collateral in the "Supplemental Deed of Trust" because a purchase money creditor is limited to the property conveyed.

Likewise, in the present case, the signature of the guarantors was given as additional security for the debt of One December. We again emphasize that in all cases interpreting the anti-deficiency statute, the overriding principle to be followed is that "when the purchase

**ADAMS v. COOPER**

[340 N.C. 242 (1995)]

money debtor defaults, the purchase money creditor is limited strictly to the property conveyed" and nothing else. *Merritt v. Edwards Ridge*, 323 N.C. at 335, 372 S.E.2d at 562.

For the foregoing reasons, the decision of the Court of Appeals is reversed. This case is remanded to the Court of Appeals to reinstate the order of the trial court dismissing the plaintiff's action.

REVERSED.

Justice WHICHARD concurring.

In *Merritt v. Edwards Ridge*, 323 N.C. 330, 372 S.E.2d 559 (1988), one of the cases relied upon in the opinion for the Court, I stated in dissent: "By a pure judicial gloss on the anti-deficiency judgment statute, N.C.G.S. § 45-21.38 (1984), the majority today deprives the plaintiffs of the benefits of a bargain, fairly and properly entered, which violates no established policy. Neither the express terms of the statute nor its underlying policy requires this result." *Merritt*, 323 N.C. at 338, 372 S.E.2d at 564 (Whichard, J., dissenting). This proposition applies equally here. The obligation of the guaranty "is separate and independent of the obligation of the principal debtor." *Investment Properties v. Norburn*, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972); *see also Exxon Chemical Americas v. Kennedy*, 59 N.C. App. 90, 91-92, 295 S.E.2d 770, 770-71 (1982); *Gillespie v. DeWitt*, 53 N.C. App. 252, 258-59, 280 S.E.2d 736, 741 (1981). As such, it is not proscribed by any limitation, express or implied, contained in N.C.G.S. § 45-21.38. Other courts interpreting similar statutes have so held. *See, e.g., Paradise Land & Cattle Co. v. McWilliams Enters.*, 959 F.2d 1463, 1466 (9th Cir. 1992) (anti-deficiency statute "does not apply to guaranties of [purchase money] obligations"); *Miller & Schroder, Inc. v. Gearman*, 413 N.W.2d 194, 196 (Minn. Ct. App. 1987) ("[anti-deficiency] statute clearly does not apply to a guarantor"); *First Nat'l Bank & Trust Co. v. Anseth*, 503 N.W.2d 568, 573 (N.D. 1993) ("a guarantor of another's debt or default is not protected by the anti-deficiency statutes"); *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640, 643 (N.D. 1980) (action against guarantors "is not based on obligations imposed by the notes or mortgages given to secure the notes, but on a separate and distinct contract of guaranty"). For a general discussion of this topic, see J.A. Bryant, Jr., Annotation, *Mortgages: Effect Upon Obligation of Guarantor or Surety of Statute Forbidding or Restricting Deficiency Judgments*, 49 A.L.R.3d 554 (1973).

ADAMS v. COOPER

[340 N.C. 242 (1995)]

I believe the foregoing cases represent the better-reasoned view. I perceive from N.C.G.S. § 45-21.38 no compelling public-policy reason, express or implied, to deny a plaintiff-creditor the benefit of a bargain with a defendant-guarantor. The guarantor is subrogated to the rights of the creditor. N.C.G.S. § 26-3.1 (1986) (surety, including guarantor, has benefit of "any action or . . . any remedy which the creditor himself might have had against the principal debtor"); *Peebles v. Gay*, 115 N.C. 38, 40, 20 S.E. 173, 174 (1894) ("Upon general principles of equity a surety, paying the debt of his principal, [is] entitled to be substituted to all the rights of the creditor . . . ."). Because N.C.G.S. § 45-21.38 limits a creditor to recovery of the property that is the subject of the purchase money instrument, the guarantor, too, is thus limited. Therefore, the policy motivating the statute, namely, protecting a debtor against loss beyond the property, is not violated by allowing a creditor to proceed against a guarantor.

If writing on a clean slate, I would so hold. I agree with the opinion for the Court, however, that this Court, over my dissent, has clearly held that

> when the purchase money debtor defaults, the purchase money creditor is limited strictly to the property conveyed in all cases in which the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.

*Merritt*, 323 N.C. at 335, 372 S.E.2d at 562. That interpretation has now become an integral part of the statute. *Gupton v. Builders Transport*, 320 N.C. 38, 43-44, 357 S.E.2d 674, 678 (1987). Therefore, restitution of the freedom to bargain that our jurisprudence normally accords, absent express legislative proscription, is a matter for the General Assembly, not this Court. I am bound in this case by the Court's prior interpretation of the statute limiting the purchase money creditor strictly to the property conveyed, and I thus reluctantly concur in the opinion for the Court.

Justices LAKE and ORR join in this concurring opinion.