GEORGE S. CROCKER, PLAINTIFF v. THE DELTA GROUP, INC., THOMAS N. ANDERSON, JR., AND WIFE, JOAN ANDERSON, DEFENDANTS

No. COA96-3

(Filed 4 March 1997)

1. **Secured Transactions § 34 (NCI4th)— sale of business— personal property—absence of security interest**

Plaintiff seller had no security interest in personal property transferred as part of the sale of business property where the parties never executed a separate writing denominated a security agreement; the purchase money note and deed of trust do not mention personal property; language in the purchase contract stating that the buyer "will execute UCC Financing forms" is insufficient to create a security interest in the personal property; although a UCC financing statement stated that it covered inventory and personal property, the financing statement and purchase contract together were insufficient to constitute a security agreement; plaintiff's former attorney testified that it was his understanding that the note was secured only by real property; and plaintiff's former attorney permitted the buyers to remove personal property from the business premises after default.

**Am Jur 2d, Secured Transactions §§ 192-194.**

**Sufficiency of description of collateral in financing statement under UCC §§ 9-110 and 9-402. 100 ALR3d 10.**

**Sufficiency of description of collateral in security agreement under UCC §§ 9-110 and 9-203. 100 ALR3d 940.**

## 2. Mortgages and Deeds of Trust § 119 (NCI4th)— purchase money deed of trust—no security interest in personalty— anti-deficiency statute

Where plaintiff failed to perfect a security interest in personal property transferred as part of the sale of business property and had only a subordinate purchase money note and deed of trust secured by real property, the anti-deficiency statute barred plaintiff from bringing an *in personam* action against the purchaser or the guarantors for the outstanding debt after the foreclosure of a senior deed of trust eroded the security for plaintiff's purchase money deed of trust. N.C.G.S. § 45-21.38.

**Am Jur 2d, Mortgages § 775.**

**Mortgages: effect upon obligation of guarantor or surety of statute forbidding or restricting deficiency judgments. 49 ALR 3d 554.**

Appeal by plaintiff from judgment entered 25 April 1994 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 24 September 1996.

In March 1985, defendant The Delta Group, Inc. (Delta) entered into a contract with Cabana East, Inc. (Cabana East) to purchase a business property in Nags Head. Upon purchase of the property, Delta executed a promissory note and deed of trust in favor of Sovran Bank, N.A. (the Bank) in the amount of $2,200,000. At the same time, Delta executed a promissory note and deed of trust in favor of Cabana East in the amount of $1,400,000. The promissory note and deed of trust to Cabana East were purchase money instruments, and defendants Thomas N. Anderson, Jr. and Joan Anderson (the Andersons) signed the promissory note in favor of Cabana East as guarantors. The purchase contract provided the $1,400,000 was to be secured by a second mortgage on the real estate. The deed of trust in favor of Cabana East was subordinate to the lien in favor of the Bank and constituted a second lien on the property.

The purchase contract contained a clause stating: "Buyer will execute UCC Financing forms assigning a second position to Seller of all furniture, fixtures, and equipment." At the time the deed and deeds of trust covering the property were filed, a UCC financing statement was also filed in the office of the Dare County Register of Deeds. The financing statement stated it covered "items purchased by Delta Group from Cabana East, Inc., constituting inventory and personal

property" in the purchased businesses, and stated the filing was "junior and subordinate to a filing on the same property for Sovran Bank, N.A." The parties never executed a separate writing denominated as a security agreement.

In December 1989, Cabana East assigned its rights in the deed of trust to plaintiff George S. Crocker, the president of Cabana East. Delta defaulted on the note held by the Bank, and the property was sold at auction pursuant to the Bank's deed of trust in May 1990. Prior to the sale, Thomas Anderson sold certain items of personal property from the businesses located on the real property. The foreclosure sale generated insufficient funds to satisfy Delta's debt to the Bank, and therefore, no funds were available to pay the second deed of trust in favor of Cabana East. As of 30 October 1989, the date of the last payment made on the promissory note payable to Cabana East, the outstanding principal amount remaining unpaid to Cabana East was $1,339,738.50.

Plaintiff filed this action 19 June 1991 seeking recovery of the unpaid amount. Plaintiff amended his complaint 5 June 1992 to include, among other things, allegations that plaintiff held a security interest in the personal property transferred under the purchase contract, and that the Anderson's personal guarantee constituted a separate obligation outside the anti-deficiency judgment statute, N.C. Gen. Stat. § 45-21.38. The parties waived trial by jury.

In a judgment entered 25 April 1994, the trial court held plaintiff's promissory note was secured only by real property, that plaintiff did not have a security interest in the personal property that was a part of the 1985 sale, and that the anti-deficiency statute barred any recovery against Delta. The trial court also held the personal guaranty by the Andersons fell within the scope of the anti-deficiency statute, barring any recovery against the Andersons by plaintiff. From this judgment, plaintiff appeals.

*Aycock, Spence & Butler, by W. Mark Spence, for plaintiff-appellant.*

*Aldridge, Seawell & Khoury, by Christopher L. Seawell, for defendant-appellees.*

McGEE, Judge.

[1] In this case, the parties stipulated the value of the real property purchased by Delta was $3,738,500 and the value of the personal

property purchased was $611,500. On appeal, plaintiff argues the trial court erred in determining he had no security interest in the personal property transferred as part of the 1985 sale. Plaintiff further argues that because he had a security interest in the personal property, the anti-deficiency statute does not bar recovery from the defendants to the extent of his security interest in the personal property. We hold plaintiff did not have a security interest in the personal property and affirm the judgment of the trial court.

Plaintiff alleges that the purchase contract, when read together with the financing statement, constitutes a security agreement. We disagree.

The determination of whether a security interest exists is a two-step process. First, the court must determine as a question of law whether the language in the writing required by N.C. Gen. Stat. § 25-9-203 objectively indicates that the parties intended to create a security interest. If the statute of frauds requirement is met, then the factfinder must determine whether the parties actually intended to create a security interest.

*In re Murray Brothers, Inc.*, 53 B.R. 281, 285 (Bankr. E.D.N.C. 1985). Plaintiff failed to show a valid security interest under both prongs of this test.

The fact that the parties did not execute a separate instrument denominated as a "security agreement" is not fatal to plaintiff's claim, *Little v. Orange County*, 31 N.C. App. 495, 497, 229 S.E.2d 823, 825 (1976), and our Supreme Court has held that separate writings may be considered together to satisfy the statute of frauds requirement. *See Evans v. Everett*, 279 N.C. 352, 183 S.E.2d 109 (1971). However, at a minimum, the writings claimed to be a security agreement must: (1) "contain language clearly manifesting the debtor's intent to create, grant, and provide for a security interest;" (2) bear the debtor's signature; (3) describe the obligation secured; (4) describe the collateral subject to the security interest; and (5) describe the land involved if the security interest covers crops or timber. *Id.* at 360, 183 S.E.2d at 114. Here, the writings fail to fulfill these requirements.

The promissory note in favor of Cabana East states it is a purchase money note and does not mention personal property. Instead, it states it is secured by a deed of trust. The deed of trust in favor of Cabana East states it is a purchase money deed of trust and only lists a description of real property as security for the note.

CROCKER v. DELTA GROUP, INC.

[125 N.C. App. 583 (1997)]

The financing statement in this case, standing alone, does no more than meet the requirements of N.C. Gen. Stat. § 25-9-402, and therefore, does not create a security interest in the personal property. *Evans*, 279 N.C at 358, 183 S.E.2d at 113. The only writing that could conceivably be read in conjunction with the financing statement to create a security agreement is the purchase agreement. However, language in the contract stating the buyer "will execute UCC Financing forms" falls far short of "clearly manifesting the debtor's intent to grant, create, and provide for a security interest" as required by *Evans. See In re Murray Brothers, Inc.* 53 B.R. at 284-85 ("Since a financing statement may be filed for reasons other than the perfection of an existing security interest, the filing of a financing statement alone is not enough to create a security interest."). Further, neither the financing statement nor the clause in the purchase agreement describe the obligation alleged to be secured by the personal property. *See Evans, supra; see also* 8A Ronald A. Anderson, *Anderson on The Uniform Commercial Code* § 9-203:99 (3rd ed. 1996) ("A written security agreement must identify the debt or obligation for the securing of which the security interest has been given."). Therefore, the writings in this case fail as a security agreement as a matter of law.

We also note plaintiff failed to satisfy the second prong of the *Murray Brothers* test, *i.e.*, convincing the factfinder that the parties intended to create a security interest. The trial court found as a fact that "the parties did not agree in the contract that the purchase money note would be secured by any personal property." "[T]he trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *Fortis Corp. v. Northeast Forest Products*, 68 N.C. App. 752, 753-54, 315 S.E.2d 537, 538 (1984).

Here, the note and the deed of trust did not mention a security interest in the personal property and the parties never executed a separate security agreement. Further, plaintiff's former attorney testified in his deposition it was his understanding that the note was secured only by real property, and that there would be no further recourse against Delta if the property sold for less than the amount of the debt at a foreclosure sale. Also, after default but before foreclosure, plaintiff's former attorney sent defendants' attorney a letter stating he had "no problem with [defendants] removing items of personal property" from the premises, but that "no item which can be considered a fixture" could be removed. Although there was also

some evidence to the contrary, this evidence supports the trial court's finding that the parties did not agree the note would be secured by personal property. The trial court's finding is therefore binding on this Court.

[2] Because plaintiff failed to perfect a security interest in the personal property, as a purchase money creditor his recovery upon foreclosure was limited to the sale proceeds. *Merritt v. Edwards Ridge*, 323 N.C. 330, 336, 372 S.E.2d 559, 563 (1988). Even though the foreclosure of the senior deed of trust eroded the security for plaintiff's purchase money deed of trust, plaintiff is barred by the antideficiency statute from bringing an *in personam* action against Delta for the outstanding debt. N.C. Gen. Stat. § 45-21.38; *Sink v. Egerton*, 76 N.C. App. 526, 333 S.E.2d 520 (1985). Plaintiff is also barred by the statute from bringing an action against the Andersons as guarantors of the note. *See Adams v. Cooper*, 340 N.C. 242, 460 S.E.2d 120 (1995) (anti-deficiency statute bars action against guarantors of purchase money note for balance of purchase price represented by the note.).

For the reasons stated, the judgment of the trial court ordering plaintiff recover nothing from the defendants is affirmed.

Affirmed.

Judges WYNN and JOHN concur.